UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PATRICK H. MCDONALD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO. 1:02cv152 |
| WELLS FARGO INVESTMENTS, LLC., | ) ) ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion to Vacate Award", filed by the plaintiff, Patrick H. McDonald ("McDonald"), on August 18, 2005. McDonald is proceeding <u>pro se</u>. The defendant, Wells Fargo Investments, LLC ("WFI"), filed its response on September 2, 2005. McDonald has declined to file a reply. For the following reasons, the motion to vacate will be denied.

Discussion

This lawsuit was originally filed by McDonald against WFI in Allen County Superior Court on March 18, 2002. WFI removed the case to this court on April 30, 2002. McDonald's suit alleged that WFI defamed him in connection with statements made by WFI on McDonald's Form U-5.[1] On May 30, 2002, this court stayed McDonald's lawsuit and compelled arbitration.

On December 10, 2002, McDonald instituted an arbitration against WFI with the National Association of Securities Dealers ("NASD"), filed under NASD -DR Arbitration No. 02-075513 ("the Arbitration"). In the Arbitration, McDonald alleged that WFI tortiously

---

[1] The Form U-5 is a regulatory report that a member firm must file with the National Association of Securities Dealers upon the termination of a registered representative's securities registration by that member firm.

interfered with his future employment as a result of the statements made by WFI on McDonald's Form U-5. The Arbitration was held in Indianapolis, Indiana on November 18, 2003, before a panel of three NASD arbitrators (the "Panel"). After McDonald presented his testimony and evidence in his case-in-chief at the hearing (but before WFI presented its testimony and evidence in its case-in-chief), McDonald and WFI agreed to a settlement which contemplated <u>inter alia</u> an agreed award being entered by the Panel. According to WFI, this settlement was discussed with the Panel off the record and formally attested to on the record. Subsequently, McDonald became unhappy with the settlement and refused to execute a release in favor of WFI, among other things.

Due to McDonald's refusal to honor the settlement, WFI filed a Motion to Enter the Award agreed to by the parties at the November 18, 2003 hearing. McDonald responded by filing a Motion to Continue. On January 20, 2004, the Panel issued an order that McDonald's Motion to Continue was without merit and found that McDonald "agreed at the hearing, on the record, to the provisions contained in the Award. To allow [McDonald] to now renege on the agreement made at the hearing would be inappropriate."

In an effort to avoid the Panel's January 20, 2004 Order, McDonald filed with the NASD a "Motion to Change the Panel and to Restart Entire Proceeding" on March 11, 2004. In that motion, McDonald asked the NASD to remove the Panel, seat a new Panel and allow McDonald to restart his arbitration from the beginning. The Panel denied McDonald's motion by order dated August 16, 2004.

McDonald also filed a "Motion for Hearing" with this court on April 26, 2004. In that motion, McDonald also asked this court to oust the NASD Panel and to hold an evidentiary

hearing.  This court denied McDonald's "Motion for Hearing" by order dated August 2, 2004.

McDonald continued to refuse to honor the settlement agreement and blatantly disregarded the Panel's January 2004 Order.  Thus, on June 11, 2004, WFI filed a motion with the NASD seeking to enforce the settlement agreement and to dismiss McDonald's Arbitration with prejudice.  The Panel granted WFI's motion by order dated August 16, 2004 and further awarded WFI its attorney fees incurred in responding to McDonald's frivolous attempts to set aside the settlement.

In a continued effort to avoid the settlement, McDonald attempted to appeal the Panel's orders to the National Adjudicatory Council ("NAC").  However, appeals to the NAC are only permitted for decisions issued by hearing panels in disciplinary proceedings against a NASD member.  The Arbitration was not a disciplinary proceeding and, thus, the Panel's orders could not be appealed to the NAC.  Therefore, McDonald's appeal to the NAC was ineffective.

On April 26, 2005, almost a year and a half after the parties' settlement, McDonald requested that NASD reopen the Arbitration.  On May 23, 2005, the Panel held a telephone conference with the parties.  At that conference, the Panel asked the parties to re-submit briefing on the terms of the parties' settlement agreement.  After reviewing the parties' submissions, the Panel entered an order dated July 5, 2005 once again rejecting McDonald's attempt to avoid the settlement.  On July 27, 2005, the Panel entered an Award to enforce the parties' settlement agreement.  ("the Arbitration Award").  The Arbitration Award, among other things, dismissed all of McDonald's claims against WFI with prejudice and found McDonald liable for WFI's attorney fees in the amount of $11,626.71.   McDonald now seeks to have this court vacate the Arbitration Award enforcing the parties' settlement agreement.

This court's ability to vacate the Arbitration Award is extremely limited. "[I]f final and binding arbitration is to serve its purpose, it must be just that -- final and binding. Arbitration would otherwise become little more than a procedural detour, without ultimate significance." Dean v. Sullivan, 118 F.3d 1170, 1171 (7th Cir. 1997). Thus, the courts have repeatedly held that judicial review of a commercial arbitration award is "grudgingly narrow." Team Scandia, Inc. v. Greco, 6 F. Supp 2d 795, 797 (S.D. Ind. 1998). As the Seventh Circuit Court of Appeals has explained:

> Arbitration is an alternative to judicial resolution of disputes, and an extremely low standard of review is necessary to prevent arbitration from becoming merely an added preliminary step to judicial resolution rather than a true alternative.

E.I DuPont de Nemours and Co. v. Grasselli Employees Indep. Ass'n, 790 F.2d 611, 614 (7th Cir. 1986).

The Federal Arbitration Act ("FAA") sets out the only grounds upon which this court may vacate the Arbitration Award:

> (1) where the award was procured by corruption, fraud, or undue means:
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or by refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

The Seventh Circuit has held that "[t]he grounds for setting aside arbitration awards are exhaustively stated in the statute."  See Baravati v. Josephthal, Lyon & Ross, Inc., 28 F.3d 704, 706 (7th Cir. 1994).  Thus, insufficiency of the evidence or even clear or gross factual or legal errors committed by arbitrators are not grounds for disturbing an arbitration award.  Team Scandia, 6 F. Supp. at 797; Eljer Mfg., 14 F.3d at 1255.

In his "Motion to Vacate Award", McDonald first claims that there was a "manifest disregard of the law".  McDonald argues that the NASD arbitration was not the proper forum for the resolution of his claims.  However, as this court has already held in a previous order, arbitration was proper.  In any event, the Seventh Circuit has held that "manifest disregard of the law" is not an independent ground for vacating an arbitration award.  Baravati, 28 F. 3d at 706.  In rejecting "manifest disregard of the law", a judicially created standard, the Seventh Circuit explained:

> If it is meant to smuggle review for clear error in by the back door, it is inconsistent with the entire modern law of arbitration.  If it is intended to be synonymous with the statutory formula that it most nearly resembles -- whether the arbitrators "exceeded their powers" -- it is superfluous and confusing.  There is enough confusion in the law.  The grounds for setting aside arbitration awards are exhaustively stated in the statute.

Accordingly, McDonald's argument that the Panel manifestly disregarded the law is not a proper ground for vacating the Arbitration Award.

McDonald next argues that no record of the Arbitration proceeding exists.  McDonald states that he was offered a verbal settlement, which was recorded on tape before the Panel.  McDonald claims that after the hearing, WFI attorneys drafted the settlement agreement which did not contain the same terms as the verbal agreement.  McDonald refused to sign the

agreement. McDonald states that he contacted the NASD to have the official tape transcribed but was informed that the tapes did not record properly at the hearing.

In response, WFI acknowledges that the tapes were either blank or contained only static, but denies McDonald's accusations that it somehow engaged in misconduct that caused the tapes to be blank or caused the NASD to report that the tapes were blank.

WFI argues that, in any event, even if the tapes did exist, this court would not be permitted to review the tapes. The United States Supreme Court and the Seventh Circuit have repeatedly held that courts must not visit the merits of the arbitrator's decision. See Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509-10 (2001).

In the present case, in enforcing the parties' settlement in the Arbitration award, the Panel had the benefit of both (a) being personally present while McDonald agreed to the settlement and (b) the parties' later briefing on the terms of the settlement. The tapes would simply be evidence of the terms of the settlement agreed to on the record by McDonald -- a factual issue already determined by the Panel. Although McDonald claims the needs the tapes "to act as a basis of fact" for the settlement, whether the Panel ultimately misinterpreted the parties' settlement agreement is beyond this court's scope of review. Team Scandia, 6 F. Supp. at 801. This court agrees with WFI that, because it would be improper for this court to even review the tapes, their absence cannot be a basis for overturning the Arbitration Award.

McDonald next alleges that the Panel engaged in various acts of procedural misconduct which purportedly prevented McDonald from being fully prepared to present his case to the Panel. First, McDonald claims that he submitted sixteen motions to the Panel during discovery, only three of which were ruled on by the panel. WFI has presented evidence, however, that

6

McDonald only served WFI with three discovery motions during the discovery phase of the Arbitration.  McDonald also claims that he submitted subpoenas to the Panel, to compel witnesses to appear at the hearing, and that the Panel failed to approve such subpoenas.  WFI states that it is unaware of any such failure on the part of the Panel, and notes that such failure seems unlikely in light of the Panel's order informing McDonald that he could issue subpoenas to compel witness testimony at the hearing.  (Ex.  1 at Ex.  F).  WFI also notes that McDonald did issue document subpoenas directly to WFI and Wells Fargo Bank employees during discovery.  WFI concludes that any inability by McDonald to secure witnesses for the hearing is attributable to his own lack of preparation, not the result of Panel misconduct or delay.

McDonald also alleges that the Panel improperly refused to postpone the November 18, 2003 Arbitration hearing, causing him to have to present his case without sufficient evidence and without witnesses.  As WFI points out, however, it was McDonald who insisted on a quick hearing on his claims because of the alleged continuing harm to his future employment prospects.  Moreover, McDonald sought a continuance only a few days before the start of the November 18, 2003 hearing, even though he had known of the scheduled hearing date since August 1, 2003.  Additionally, WFI states that at the time McDonald's request for continuance was received, WFI's witnesses had already scheduled travel plans, and one WFI witness was en route to the hearing location.  McDonald's request for a continuance was denied by the Panel orally at the start of the November 18, 2003 hearing.  McDonald insists that his request for a continuance was reasonable.  However, even if the request was reasonable, it was within the Panel's discretion to grant or deny the request as it saw fit.  The record clearly shows that McDonald's request was untimely, and likely presented solely to delay the proceedings.  Thus,

this court finds that the Panel's refusal to continue the hearing was not misconduct.

In any event, even if the Panel had engaged in procedural misconduct, such misconduct could not have prejudiced McDonald as it relates to the Arbitration Award entered by the Panel. All of McDonald's accusations of misconduct relate only to his alleged inability to present evidence on his substantive claims against WFI.  This alleged misconduct, however, has no nexus to the Arbitration Award.  The Arbitration Award did not address the merits of McDonald's underlying, substantive claims against WFI.  Rather, the Arbitration Award enforced the settlement agreed to by the parties at the hearing.  Therefore it is clear that McDonald's allegations of procedural misconduct are unconnected to the Arbitration Award and did not prejudice him.  This court agrees with WFI that because there is no showing of actual harm to McDonald from the alleged misconduct, the Court cannot invalidate the Arbitration Award on that basis.  Dean Foods Co. v. USW, 911 F. Supp. 1116, 1128 (N.D. Ind. 1995).

It is clear to this court that McDonald has not presented any grounds under 9 U.S.C. § 10(a) which would permit this court to vacate the Arbitration Award.  Indiana law provides that if a party agrees to settle a pending action, but then refuses to consummate the settlement agreement, the opposing party may obtain judgment enforcing the agreement.  Scott v. Randle, 697 N.E.2d 60, 66 (Ind. App. 1998); Brandt Constr. Co. v. Lumen Constr. Co., 515 N.E.2d 868, 876 (Ind. App. 1987).  Accordingly, McDonald's motion to vacate arbitration award will be denied.

WFI has requested attorney fees to recover the costs associated with responding to McDonald's motion to vacate.   It is clear that such an award of attorney fees is supported by both Seventh Circuit and Indiana law.  See Team Scandia, 6 F. Supp. at 798 n. 3 (collecting

Seventh Circuit cases); Scott, 736 N.E.2d at 312 (holding that where plaintiffs acted in bad faith by refusing to sign settlement agreement and continued to pursue a frivolous, unreasonable, and baseless claim, an award of attorneys' fees to defendants was appropriate).

In the present case, McDonald, who is proceeding pro se, has not filed a reply and thus has not addressed the issue of attorney fees. This court is reluctant to assess attorney fees against a pro se party without first providing such a party a further opportunity to respond. Thus, the court will give McDonald 30 days in which to file a brief addressing the issue of attorney fees. WFI may respond to that brief within 30 days, which brief should also include evidence in support of the requested attorney fees. McDonald may then file a reply within 15 days thereafter.

## Conclusion

Based on the foregoing, McDonald's motion to vacate arbitration award is hereby DENIED. McDonald may file a brief addressing the issue of attorney fees within 30 days of the date of this order. WFI may respond within 30 days thereafter, and McDonald may file a reply within 15 days after the response is filed.

Entered: October 11, 2005.

s/ William C. Lee
William C. Lee, Judge
United States District Court
